By the Court.
In these cases the constitutionality of a provision of a city ordinance is involved. The provisions in question are substantially identical, and the two cases are, therefore, considered together. The prosecutions were had in 1912.
In the case first entitled, George Hiser was arrested by the chief of police of the city of Coshocton under a warrant charging him with violating *266 .section 3 of an ordinance of said city, entitled “An ordinance to regulate the sale, furnishing or giving away of intoxicating liquors as a beverage, and the places wherein the same are sold, furnished or given away in the city of Coshocton, Ohio.”
Section 3 is as follows: “It shall be unlawful for any person to sell, furnish or give away intoxicating liquors as a beverage in any place in said city other than a room fronting upon a street in said city; provided, further, that in all cases of the sale, furnishing or giving away of intoxicating liquors as a beverage in a recognized hotel, it shall be a sufficient compliance with this section if the place where the said liquor is sold, furnished or given away opens into a lobby which is at all times open to the public.”
The penalty for the violation of this section is fixed by section 9 of the ordinance.
Hiser was arraigned and pleaded not guilty, was ordered to give a bond in the sum of $200, and his case assigned for trial. Hiser refused to comply with the order of the mayor and was held in the city prison because of his refusal to give bail. He thereupon filed a proceeding in habeas corpus in the circuit court of Coshocton county, and upon the hearing of the case in that court it was found that he was unlawfully imprisoned and detained by the chief of police of the city of Coshocton. The court ordered his discharge, and a petition is filed in this court asking for a reversal of the judgment of the circuit court.
In the other case, the City of Newark v. Robert Dold, it appears from the record that Dold was *267 arrested, tried and convicted under an ordinance of the' city of Newark to regulate ale, beer and porter shops and the sale of intoxicating liquors as a beverage, under which ordinance it was provided, among other things, that it shall be unlawful and the same is declared a misdemeanor “for any person, firm or corporation to keep or own any ale, beer, porter shop or other place of whatever description for the sale of intoxicating liquors as a beverage in any room which has its principal door or place of entrance on an alley.”
Dold was ordered by the mayor to pay a fine and costs of prosecution and to abandon the saloon within thirty days. A petition in error was filed in the circuit court, asking for a reversal of the judgment of the mayor. There were several assignments of error. The court found that the ordinance, for the violation of which Dold had been arrested, was and is invalid and of no legal effect and void, and reversed the judgment of the mayor. The city of Newark has filed a petition in this court, asking a reversal of the judgment of the circuit court and an affirmance of the judgment of the mayor.
Under the constitution, the general assembly is given authority to provide against all evils resulting from trafficking in intoxicating liquors, and, under Section 6137, General Code, every municipal corporation has full power to regulate the selling, furnishing or giving away of intoxicating liquor as a beverage and the places where such intoxicating liquor is sold, furnished or given away as' a beverage. By this provision, the legislature has *268 delegated to the ■'municipalities police power to regulate places where intoxicating liquor is sold.
The ordinances under consideration here provide against the evils' resulting from the establishment of saloons in any place in the city other than a room fronting. upon the street and the establishment of saloons in a room having its principal door or place of entrance on an alley. This is a reasonable regulation, is within the exercise of the police power delegated by the state to the municipality and is not in contravention of any of the provisions of the constitution. The circuit court, therefore, erred in holding these ordinances invalid.
In the Coshocton case, the judgment of the circuit court is reversed and the said George Hiser is committed to the custody of the chief of police of the city of Coshocton.
In the Newark case, the judgment of the circuit court is reversed and that of the mayor affirmed.

Judgments reversed.

Nichols, C. J., Shauck, Johnson, Newman, Wanamaker and Wilkin, JJ., concur.